IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BOOKER, #197624, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:08-CV-583-WHA |
| ) | [WO] |
| ) | |
| GRANT CULLIVER, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Michael Booker ["Booker"], a state inmate, on July 16, 2008. In this petition, Booker challenges convictions for two counts of capital murder and one count of attempted murder entered against him on March 2, 1998 by the Circuit Court of Chambers County, Alabama.[1] Specifically, Booker argues he was not competent to enter guilty pleas to these offenses or stand trial on the capital offenses and challenges the sufficiency of the evidence provided for the capital murder convictions.[2]

---

[1] Booker pled guilty to all three offenses. Under § 13A-5-42, Ala. Code, a defendant may plead guilty to capital offenses but the State must then prove the defendant's guilt to a jury beyond a reasonable doubt. After the requisite jury trial on the capital offenses, the jury convicted Booker of the capital charges.

[2] As support for his mental incompetency claim, Booker asserts he "has a history of mental problems that he had a low I.Q., and had been in special education classes in school." *Attachment to Habeas Petition - Court Doc. No. 1* at 9. Booker argues these factors rendered him incompetent as he "was unable to assist his attorney in his defense, and could not understand the charges against him." *Id*.

In their answer filed on August 13, 2008 and a supplemental response filed on September 19, 2008, the respondents assert that Booker has failed to exhaust state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain Booker may file a fourth state post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure raising the mental incompetence claim as such is a substantive due process claim not subject to the procedural bars set forth in Rule 32, *Alabama Rules of Criminal Procedure*. *Respondents' Answer - Court Doc. No. 8* at 4 ("Booker has not exhausted the substantive incompetency claim raised in his federal habeas petition because he did not present any evidence to the state court to support his claim [in the third Rule 32 petition]. Consequently, the state courts have not ruled on the merits of that claim. Because this is a jurisdictional claim that is never waived, Booker can still obtain a ruling on the merits of the claim in state court if he re-files a Rule 32 petition and submits evidence to support the claim."); *Respondents' Supplemental Response - Court Doc. No. 12* at 1-2 (The state courts have not addressed the merits of Booker's substantive competency claim and "this is never waived, and the state court would be bound to review the claim in a successive [or untimely] petition if Booker submitted evidence to support the claim. Accordingly, Booker still has a viable remedy to have the claim reviewed in state court and the claim, therefore is not properly exhausted."). The record before the court demonstrates that no ruling on the merits of the substantive competency claim has been

2

issued by any state court as the only court to address the issue held that "Booker is not entitled to any relief on this claim because he did not sufficiently plead any facts that demonstrated that he was incompetent at the time his guilty plea was entered." *Respondents' Exhibit D (Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal of Third Rule 32 Petition) - Court Doc. No. 8-5* at *2; Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Petitioner's "substantive competency claim that he was tried while incompetent ... is not subject to procedural default and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ("To the extent [the petitioner] raises a substantive due-process claim - that he was convicted while mentally incompetent to stand trial - the [state post-conviction] petition is not subject to procedural bars."). The respondents further argue that the sufficiency of the evidence claim is both procedurally defaulted and time-barred as the last state court which addressed this issue deemed it barred for such reasons. *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). On appeal from the denial of the third Rule 32 petition, the Alabama Supreme Court held that the sufficiency claim constituted "a nonjurisdictional defect" subject to preclusion as

successive and untimely. *Respondents' Exhibit E (Ex parte Booker*, --- So.2d ----, 2008 WL 1838299 (Ala. April 25, 2008)) - *Court Doc. No. 8-6* at 14.

Upon review of the respondents' answers, the court entered orders affording Booker opportunities to demonstrate why his petition should not be dismissed for failure to exhaust an available state remedy. *Order of August 13, 2008 - Court Doc. No. 9*; *Order of September 19, 2008 - Court Doc. No. 13*. In response to these orders, Booker contends this court should address his claims for federal habeas relief despite the availability of a state remedy as the court is not bound to dismiss his petition for failure to exhaust state remedies. Booker further maintains he raised the substantive mental incompetency claim in the state courts and argues the state courts improperly refused to address the merits of this claim based on his failure to present evidence to support such claim. Specifically, Booker asserts he filed a motion for discovery in his third Rule 32 action in which he sought documents he alleges would establish his mental incompetency at the time of his plea/trial, *see Respondents' Exhibit A - Court Doc. No. 8-2* at 27, but the trial court denied this motion thereby depriving him of the opportunity to present evidence present in support of this claim. Booker argues this court should therefore address the merits of his mental competency claim because the trial court failed to provide him discovery to prove such claim which should serve as proper exhaustion of the claim.

The respondents acknowledge that Booker filed a motion for discovery in the third

Rule 32 action but argue that the documents sought in the motion regarding his claim of mental incompetence would have provided no information relevant to Booker's competency at the time he entered his capital guilty pleas or stood trial on these offenses. In particular, the discovery motion filed with the trial court sought production of "records from Lanett High School and five Point high School, to support Petitioner's claim that he was incompetent at the time he entered his guilty plea and stood Trial" on the capital offense charges. *Respondents' Exhibit A - Court Doc. No. 8-2 at 27*. Booker directed the other two requests for discovery in such motion only to his sufficiency claim. *Id*. It is clear to this court that the discovery request as to Booker's high school records, ***the sole request seeking documents Booker identified to the trial court as relevant to his claim of mental incompetence***, would have shown, at most, the type of classes he attended during his time in high school and the grades he received for such classes. This information, however, would have no bearing on the state of his mental competence at the time of the guilty pleas/trial. In addition to the arguments made in his Rule 32 petition filed with the trial court, Booker now argues that he was unable to assist his attorney with his defense and that he could not understand the charges against him and also asserts that there is "record evidence that petitioner has a history of mental problems...." *Attachment to Habeas Petition - Court Doc. No. 1 at 9*. He likewise maintains that the indictment and trial transcript contain evidence of his mental incompetency during the trial proceedings, an

allegation not presented in the motion for discovery filed in the third Rule 32 action. Thus, Booker references new allegations in support of his claim of mental incompetence and the presence of additional evidence to support this claim. In accordance with applicable federal law, it is clear that Booker should first present these arguments and supporting evidence to the state courts.

## II. DISCUSSION

The law clearly directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). "***An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented***." 28 U.S.C. § 2254(c) (emphasis added). It is undisputed that Booker has the right under state law to raise his substantive incompetency claim in a Rule 32 petition and the availability of this remedy counsels against federal review of such claim at this time.[3] Thus, the court finds that Booker has not yet exhausted all available state court remedies with respect to

---

[3]Booker is advised that he should again present his claim of mental incompetence to plead guilty/stand trial to the state courts in a Rule 32 petition *and reference all evidence* he believes supports such claim. Since this claim is not subject to procedural bars, the state court(s) must address the merits of the claim as presented and supported by the evidence. The court further notes that Booker may cite to occurrences before the trial court at both the guilty plea and trial proceedings which support this claim without access to the transcript as Booker was present at such proceedings. Booker is also advised that he may request his high school records and/or any mental health records without court intervention by seeking copies of these records from the appropriate custodial official.

each of the claims presented in the instant petition for habeas corpus relief as required by 28 U.S.C. § 2254(1)(b)(1)(A). This court does not deem it appropriate or necessary to rule on the merits of the petitioner's claims for relief without first requiring that he exhaust his state remedies available for presentation of a substantive claim of mental incompetence. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his [substantive incompetency] claim[] first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Booker can pursue the state court remedy available to him in which he may raise a claim of substantive mental incompetence.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust the available state court remedy. It is further

ORDERED that on or before October 28, 2008 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of October, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE